

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-441-CR

TAMYRA PEREZ SHIVERS                                          APPELLANT
A/K/A TAMYRA LOUISE SHIVERS

V.

THE STATE OF TEXAS                                                STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Tamyra Perez Shivers a/k/a Tamyra Louise Shivers entered a plea bargain and pleaded guilty to the offense of theft under $1,500 - repetition. She now attempts to appeal her conviction. On November 24, 2008, we notified Shivers that we had received the trial court's certification of her right to appeal and that it stated that she had waived her right to appeal. We stated that we would dismiss the appeal unless Shivers or any party

---

[1] *See* Tex. R. App. P. 47.4.

desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal.

Shivers timely responded to our letter, contending that she wished to appeal her judgment and sentence on the grounds that she did not enter her plea knowingly and voluntarily and that she did not enter her waiver knowingly and voluntarily. The judgment states that after Shivers entered a plea of guilty,

> "[t]hereupon, the Defendant was admonished by the Court of the consequences of the plea(s); it appeared to the Court that the Defendant was competent to stand trial and that the defendant was not influenced in making said plea(s) by any consideration of fear or by an[y] persuasion prompting a confession of guilty; and the Court received the free and voluntary plea(s), which are now entered of record in the minutes of the court."

The record also includes "Defendant's Waiver Of Rights To Appeal, File Motion For New Trial, And Make Motion In Arrest Of Judgment." That document, which was signed by both Shivers and her trial counsel, states that "[t]he defendant does knowingly, intelligently[,] and voluntarily waive his/her rights to appeal . . . ."

Because the record establishes that Shivers signed a waiver of her right to appeal and because the trial court found that she had waived her right to appeal and did not grant her permission to appeal, we must dismiss this appeal. *See* Tex. R. App. P. 25.2(d) (stating that "appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been

2

made part of the record"); *Shafique v. State*, Nos. 02-05-00261-CR, 02-05-00262-CR, 2005 WL 1926425, at *1 (Tex. App.—Fort Worth Aug. 11, 2005, no pet.) (mem. op., not designated for publication) (dismissing appeal because trial court's certification stated that appellant had waived his right to appeal); *see also* Tex. R. App. P. 43.2(f), 44.3.

PER CURIAM

PANEL: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 15, 2009